**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:20-cv- 24735-KMM/LOUIS

MORCHEM INDUSTRIES, INC., a foreign
Corporation,

 Plaintiff,

v.

ROCKIN ESSENTIALS LLC, an inactive
Florida limited liability company, ABRAHAM
FRANCO, an individual and manager and
RONNY BEDA, an individual and manager,

 Defendants.
_____/

**ORDER**

 **THIS CAUSE** comes before the Court upon Defendant Rockin Essentials, LLC's ("Defendant") Motion to Compel: (1) Better Answers to its First Set of Interrogatories Propounded Upon Plaintiff; (2) Complete Document Production; Responses to its First Set of Production Upon Plaintiff; and (4) Initial Disclosures (ECF No. 22).[1] Defendant's Motion represented that Plaintiff had served no initial disclosures following the Parties' Rule 26(f) conference, nor had it served any responses to Defendant's requests for the production of documents; and, further, that the answers to interrogatories served by Plaintiff were deficient. Upon filling of the Motion, the undersigned ordered an expedited response, as well as service of Plaintiff's initial disclosures by a date certain (ECF No. 23).

---

[1] This matter was referred to the undersigned United States Magistrate Judge by the Honorable K. Michael Moore, Chief United States District Judge for the Southern District of Florida, for disposition of all discovery matters (ECF No. 5).

1

Plaintiff's Response generally represented that it anticipated making supplemental productions and supplementing responses to interrogatories, but it provided no explanation for failing to timely meet Plaintiff's discovery obligations without necessitating Defendant's bringing of the Motion. On Reply, Defendant highlights its inability to determine from Plaintiff's responses whether document production is complete, and further complains that Plaintiff's answers to the interrogatories failed to provide the specific information sought with respect to the communications surrounding the alleged fraud.

A hearing was conducted on the noticed disputes on March 18, 2021. Defendant acknowledged receipt of adequate initial disclosures following the Court Order, and further acknowledged that no conferral had yet occurred regarding Defendant's objections to the amended answers provided by Plaintiff to the interrogatories. Before the Court will decide Plaintiff's Motion with respect to the interrogatories, the Parties must confer in effort to resolve Defendant's dispute.

With respect to Plaintiff's response to the Request for Production of Documents, Plaintiff's counsel represents that there are no responsive documents counsel is currently aware of that have not been produced; however, counsel could not represent whether all responsive documents in his client's possession and/or control have been produced. The degree of supervision by counsel over the document collection process was insufficient for counsel to describe the search and preservation undertaken by Plaintiff, or to provide assurance that a search of reasonable scope had been conducted. Completion of the document production will not be open-ended and rolling; Plaintiff shall complete its search for and production of all responsive documents by a date certain. Before counsel can represent completion of production, or even estimate the time required to do so, counsel is instructed to obtain control and supervision of the document collection and review.

A status conference is set for April 5, 2021, at 3:00 p.m., at which Defendant may raise any additional issues with the amended interrogatory responses that the Parties could not resolve through conferral.

Pursuant to Fed. R. Civ. P. 37(a)(5), fees shall be shifted to the Defendant for bringing this Motion, as Plaintiff responded to discovery only after the Motion was filed, unless Plaintiff can show that such an award here would be unjust. Defendant shall advise Plaintiff as to the amount of fees it would seek for the prosecution of the Motion and attendance at the hearing, and by no later the status conference, the Parties shall confer with respect Defendant's entitlement and amount of any award. If the Parties fail to reach agreement on amount of the award, or if Plaintiff seeks an opportunity to argue that an award would be unjust, it will be heard at the status conference on April 5, 2021.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of March, 2021.

_____
LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE