# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv- 24735-KMM/LOUIS

MORCHEM INDUSTRIES, INC., a foreign
Corporation,

      Plaintiff,

v.

ROCKIN ESSENTIALS LLC, an inactive
Florida limited liability company, ABRAHAM
FRANCO, an individual and manager and
RONNY BEDA, an individual and manager,

      Defendants.

_____/

## ORDER ON DISCOVERY

This cause is before the Court again upon Defendant Rockin Essentials, LLC's ("Defendant")
Motion to Compel (ECF No. 22).[1] Defendant's Motion was previously granted, in part, following a
hearing on the Motion. At the time of the first hearing, the Parties had not conferred over Defendant's
objections to the sufficiency of Plaintiff's answers to interrogatories and thus, those disputes were not
heard (ECF No. 31). A subsequent hearing was set to hear any disputes remaining over the sufficiency
of Plaintiff's Answers and to address the issue of fees to be shifted for bringing the Motion, pursuant
to Federal Rule of Civil Procedure 37(a)(5).

That hearing was conducted on April 5, 2021. In advance of the hearing, Defendant filed a
copy of Plaintiff's Amended Answers to the Interrogatories. Defendant particularly objects to the

---

[1] This matter was referred to the undersigned United States Magistrate Judge by the Honorable K. Michael Moore, Chief
United States District Judge for the Southern District of Florida, for disposition of all discovery matters (ECF No. 5).

sufficiency of Plaintiff's Answers to Interrogatories Nos. 5, 6, 7, and 8, which collectively seek to discover the particular acts or communications on which Plaintiff relies for its fraudulent misrepresentation allegations. Plaintiff's Answers to these Interrogatories are facially deficient. For example, where Defendant asks Plaintiff to describe all communications Plaintiff had with the Defendants (and there are three named Defendants here) about the contested transaction, identifying all participants to the communications, the manner of communication, when it occurred and what was said; Plaintiff responded by referring to all communications contained in documents previously produced. To the extent Plaintiff intends to rely on documents to answer an interrogatory, this is permissible provided that (1) those documents are business records; (2) sufficient to answer the interrogatory; (3) that the answering party specifically identifies to the propounding party; and (4) imposes substantially the same burden on either party to derive the answer from the records. Fed. R. Civ. P. 33(d). There is no indication here that Plaintiff's reliance on "documents previously provided" satisfies any of these elements, and it is insufficient to satisfy Plaintiff's burden.

Plaintiff will have one last chance to amend its answers to the interrogatories and provide fulsome, complete, and accurate answers to the fullest of Plaintiff's knowledge, and shall do so by April 19, 2021. Failure to comply with this Order may result in the imposition of sanctions, including prohibiting Plaintiff from introducing designated matters into evidence. Fed. R. Civ. P. 37(b)(2)(A).

Plaintiff shall additionally complete its document production by April 19, 2021, including documents stored on Plaintiff's phone, which counsel submitted for imaging to a third-party vendor. That vendor estimated that its analysis will be completed before that date, and no other impediment to producing documents stored on the phone was identified by Plaintiff's counsel.

A status conference is set for May 5, 2021, at 10:00 a.m. Any discovery disputes pending at that time may be noticed in advance and by no later than May 3, 2021.

Pursuant to Fed. R. Civ. P. 37(a)(5), fees will be shifted to the Defendant for bringing this Motion, as Plaintiff responded to discovery only after the Motion was filed, and no substantially justified objections were advanced by Plaintiff. At the hearing, Plaintiff's counsel agreed to the award amount of $3,140, amounting for the time spent by an associate to draft the Motion, Ms. Baker's appearance at the first hearing on the Motion, and a paralegal's time compiling and filing the exhibits. Plaintiff shall pay that sum directly to defense counsel by no later than May 4, 2021.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of April, 2021.

_____
LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE